DOMENGEAUX, Judge,
dissenting.
Today, the majority reluctantly reaches a result compelled by the recent Supreme Court case of State v. Church, supra. However, I must respectfully dissent, adhering to those views expressed by Justice Cole in his well reasoned dissent in that case.
In State v. Church, a slim majority of the Court expands the Louisiana Constitution to prohibit a law enforcement tool that effectively removes drunken drivers from Louisiana highways. Properly conducted, non-discretionary sobriety checkpoints, such as the one in this case, present only a minuscule encroachment in personal liberties. After balancing this minimal intrusion with the compelling State interest in protecting the public from the carnage wrought by drunken drivers, I am convinced that such checkpoints are permissible under the Louisiana Constitution. They certainly are under our 200 year old Federal Constitution.
This case presents an excellent opportunity to review the correctness of the Church decision. Given the closeness of that decision, as well as the great public benefit that an overruling of Church would bring about, it may be that our Supreme Court might deem it proper to grant a writ in this case so that it may reconsider its Church decision. I respectfully suggest that it do so.